Case 1:24-cv-01013-HYJ-SJB   ECF No. 1, PageID.1   Filed 09/27/24   Page 1 of 2

FILED LN
September 27, 2024 10:24 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: cmw /_____ SCANNED BY /___

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reuben A. Hollingsworth,
        Plaintiff,

v.

1:24-cv-1013
Hala Y. Jarbou, Chief Judge
U.S. District Court

GENERAL MOTORS COMPANY,
100 Renaissance Center, Detroit, MI 48243.
920 Townsend Street
Lansing, MI 48933,
Shayne Sandell, Mandy J Harris, Marla Becker, Dan Williams, Jill Olney, Matthew Dowdall, Justin Jenkins, Meagan Cardenas, Erin Spitzer and Latasha Lattimore

UNITED AUTO WORKERS UNION,
8000 East Jefferson, Detroit, MI 48914
426 Clare St, Lansing, MI 48917
Ted Crump, Rollin Green, Steve Steitz, Stephen Rusch, Dennis Sturgis, and Tina Anderson.
        Defendants.

Civil Action No.

COMPLAINT

COMES NOW the Plaintiff, Reuben A. Hollingsworth, and for his Complaint against the Defendants, states as follows:

I. PARTIES

1. Plaintiff Reuben A. Hollingsworth is an African American resident of Lansing, Michigan, and is currently employed by General Motors Company for approximately 12 years.

2. Defendant General Motors Company (GM) is a corporation organized under the laws of Delaware with its principal place of business in Detroit, Michigan.

3. Defendant United Auto Workers Union (UAW) is a labor organization representing employees in Michigan and throughout the United States.

4. Individual defendants are employees or representatives of GM and UAW who participated in or failed to prevent the alleged discriminatory, retaliatory, legal rights and breach of contract actions.

II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the National Labor Relations Act, 29 U.S.C. § 151 et seq., and other federal laws.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this judicial district.

III. FACTUAL ALLEGATIONS

7. Plaintiff began his employment with General Motors in April 30 2012

8. In October 2021, Plaintiff filed a grievance against his group leader Shayne Sandell regarding short work weeks, where employees are sent home early but still receive 80% of the remaining hours paid.

9. Following this grievance, Plaintiff began experiencing retaliation, including multiple pay discrepancies, false disciplinary actions, and other forms of harassment and intimidation.

10. Plaintiff reported these retaliatory actions to Human Resources and his union representatives, but no significant action was taken to address his concerns and after looking into it some money was paid back but not all it was also told they couldn't give no further details of his concerns

11. The retaliation and intimidation continued for a couple of years, creating a hostile and unsafe work environment for the Plaintiff, similar to recent cases of racial discrimination at other GM plants, such as the Toledo Powertrain plant in Ohio.

12. On July 26, 2023, Plaintiff was wrongfully terminated from his position at General Motors, because the union and the company found out he was recording his committee calls and disciplinary meetings of the events that occurred, which is legal under Michigan's one-party consent law.

13. Plaintiff was later reinstated but continues to face a hostile, harassment, intimidation and unsafe work

environment.

14. The pattern of discrimination and retaliation experienced by Plaintiff is consistent with recent findings by the Ohio Civil Rights Commission and other legal cases against GM, indicating a systemic issue within the company.

IV. CAUSES OF ACTION

Count I: Racial Discrimination and Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964

15. Plaintiff incorporates by reference all preceding paragraphs.

16. Defendants subjected Plaintiff to discrimination, wrongful termination, violation of legal rights, breach of contract, hostile workplace, unfair treatment and unsafe work environment based on his race, similar to recent cases at other GM facilities.

Count II: Retaliation in Violation of Title VII of the Civil Rights Act of 1964

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Defendants retaliated against Plaintiff for engaging in protected activity, namely filing a grievance and reporting illegal workplace issues.

Count III: Violation of the National Labor Relations Act

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendants interfered with Plaintiff's rights to engage in concerted activities for mutual aid and protection.

Count IV: Violation of Michigan Whistleblowers' Protection Act

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Defendants retaliated against Plaintiff for reporting violations of law and policy.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Award Plaintiff compensatory damages in an amount to be determined at trial, but not less than $50 million, for racial discrimination, retaliation, wrongful termination, hostile work environment, whistleblower protection violations, failure of union representation, emotional distress, breach of contract and other related damages;
C. Award Plaintiff punitive damages to deter similar conduct by Defendants in the future;
D. Award Plaintiff his costs and reasonable attorneys' fees and court fees;
E. Grant injunctive relief requiring Defendants to:
   1. Cease all discriminatory and retaliatory actions against Plaintiff and other employees;
   2. Implement new policies and procedures to prevent future discrimination, retaliation, and protect whistleblowers;
   3. Provide mandatory training for management and union representatives on racial sensitivity, proper handling of employee grievances, mandatory recording of employees committee calls and disciplinary meetings with management and prevention of retaliation;
   4. Ensure ongoing monitoring of General Motors' and UAW's compliance with labor laws, anti-discrimination, and anti-retaliation policies;
   5. Reinstate Plaintiff to his original position or a comparable one, if not already done;
   6. Remove any negative or false information from Plaintiff's employment records;
F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Reuben A. Hollingsworth*
Reuben A. Hollingsworth
2417 Kerry St Apt#3
Lansing, MI 48912
517-505-8169
reubenhollingsworth@gmail.com

Dated: 9/27/24