UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN A. HOLLINGSWORTH,

     Plaintiff,

                            Case No. 1:24-cv-1013

v.

                            Hon. Hala Y. Jarbou

GENERAL MOTORS COMPANY, et al.,

     Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the report and recommendation that Magistrate Judge Berens issued on February 18, 2025 (R&R, ECF No. 21), in which it is proposed that the Court grant the motions of the United Auto Workers (UAW) and General Motors Co. (GM), Defendants in this action, to dismiss Plaintiff Reuben Hollingsworth's complaint[1] for failing to state a claim upon which relief can be granted.  (ECF Nos. 9, 18.)  Plaintiff filed timely objections to the R&R (Objs., ECF No. 22), to which Defendants have responded (ECF No. 23).  Having reviewed the case record de novo, Fed. R. Civ. P. 72(b)(3), the Court approves the magistrate judge's R&R and will grant Defendants' motions to dismiss.

For the benefit of Plaintiff, who is proceeding pro se, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court starts with the basics.  A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Rule 12(b)(6) motions,

---

[1] Plaintiff timely filed an amended complaint (Am. Compl., ECF No. 12) after defendant UAW filed its motion to dismiss.  Fed. R. Civ. P. 15(a)(1)(B).  The amended complaint withdrew some, but not all, of the claims asserted in the initial complaint.  The magistrate judge construed the amendment as one made by right, but she ordered Plaintiff to respond to UAW's pending motion to the extent it contested the sufficiency of the claims carried over to the amended complaint.  (ECF No. 13.)

like the ones filed by Defendants here, test whether this requirement has been met. This is not a difficult hurdle to overcome. To get past the pleadings stage of a litigation, a complaint need only set out enough detail about the circumstances underlying the plaintiff's suit to render the allegations it contains plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts the complaint alleges are assumed to be true, and when the inferences that can be drawn from those facts conflict, the ones more favorable to the plaintiff win out. *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The complaint does not "need to expressly plead legal theories" entitling the plaintiff to relief, *Odell v. Kalitta Air, LLC*, 107 F.4th 523, 532 (6th Cir. 2024), but the facts it alleges must, when taken together, articulate everything the plaintiff must show "to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Plaintiff has had two chances to explain to the Court why he is entitled to relief, but his inconsistent characterizations of the wrongs he suffered and the claims he is asserting have muddied the waters. Taking Plaintiff at his word that his settled position is the one expressed in his objections to the R&R, the Court finds that whatever grievances Plaintiff has with his employer and his union do not violate the federal laws he has invoked.

Plaintiff's first objection is that the magistrate judge misunderstood his claim as one alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as opposed to a claim under the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–169. According to Plaintiff, Defendants' injurious conduct (including wrongful termination, harassment, and intimidation) violated his "collective bargaining rights," and he also accuses Defendants of retaliating against him for filing grievances related to those violations. (Objs. 1.) Plaintiff denies that his amended complaint states that the treatment he allegedly incurred was based on discrimination. (Objs. 2.)

This objection is senseless.  What it claims is exactly contradicted by the amended complaint, which invokes Title VII twice (Am. Compl. ¶¶ 4, 17) but mentions the NLRA nowhere. The two causes of action specified in the amended complaint are for retaliation and tolerating a hostile work environment, both of which are Title VII claims.  (*See* Am. Compl. ¶¶ 18–21.)  In his response to GM's motion to dismiss, filed well after the amended complaint, Plaintiff again frames his claims as involving discrimination violative of Title VII.  (*See* Resp. to GM's Mot. to Dismiss at PageID.102, ECF No. 19.).  The magistrate judge was correct to analyze Plaintiff's claims under the Title VII rubric.

Even if the claim Plaintiff says he attempted to assert is synthesized from all his filings in this case, he still fails to allege facts that must be true for his claim to be valid.  Construing Plaintiff's amended complaint with maximum generosity, it appears Plaintiff seeks to sue Defendants for violations of sections 7 and 8 of the NLRA, 29 U.S.C. §§ 157, 158, which enshrine the right of workers to organize and prohibit unfair labor practices.  Plaintiff's core allegations concern GM's alleged practice of limiting Plaintiff's hours and only providing 80 percent of his normal workweek pay—what Plaintiff refers to as the "short week" policy—and the alleged retaliation visited against him for contesting that practice.  Plaintiff characterizes this as a claim about Defendants' "labor practices."  (Objs. 1.)  In his response to GM's motion to dismiss, Plaintiff explicitly references the protection section 7 of the NLRA supposedly extends to workers who record meetings with their employer if they are "acting in concer[t] for their mutual aid and protection."  (ECF No. 19 at PageID.103.)

Plaintiff does not state a claim under the NLRA any more than he does under Title VII.  To begin, it is questionable whether Plaintiff even alleges a genuine violation of the NLRA.  Plaintiff only vaguely suggests that his grievance about the so-called short-week policy, or the subsequent

retaliation he faced from Defendants, grew out of or furthered "concerted employee activities" to pursue changes to "terms and conditions" of Plaintiff's employment and that of his fellow workers, *NLRB v. Main St. Terrace Care Ctr.*, 218 F.3d 531 (6th Cir. 2000) (quoting *Gatliff Coal Co. v. NLRB*, 953 F.2d 247, 251 (6th Cir. 1992)).

The most generous construal of these allegations, however, cannot cure the absence from the NLRA of a private right of action to restrain unfair labor practices. *See Bhd. of Boilermakers v. Hardeman*, 401 U.S. 233, 238 (1971); *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004); Note, Mkrtchian, Set Up to Fail: National Labor Relations Board, 91 Geo. Wash. L. Rev. 1330, 1339 & n.70 (2023); *see also NLRB v. Newark Morning Ledger Co.*, 120 F.2d 262, 267 (3d Cir. 1941) (en banc) (an injunction issued at the NLRB's instance "enforce[s]" a "public right created by the act"). Congress instead entrusted preservation of industrial peace, *see Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 143 S. Ct. 1404, 1410 (2023), and to that end the authority to prevent or restrain unfair labor practices, primarily to the NLRB. *Garner v. Teamsters Loc. Union No. 776*, 346 U.S. 485, 490 (1953).

Looking to Plaintiff's other filings suggests he is instead seeking to bring a "hybrid" claim under section 301 of the Labor-Management Relations (Taft-Hartley) Act, 29 U.S.C. § 185. A hybrid claim charges an employer with violating its collective-bargaining agreement with the union, and the union with arbitrarily or in bad faith refusing to pursue the employee's grievance concerning that violation. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630–31 (6th Cir. 2009). Suggestions that this is the claim Plaintiff meant to bring appear across his filings. In Plaintiff's original complaint, for instance, relief for "failure of union representation" and "breach of contract" are sought (ECF No. 1 at PageID.2), a prayer that is renewed in the amended complaint (ECF No. 12 at PageID.65). Plaintiff most clearly intimates that he is pursuing a section

301 claim in his response to UAW's motion to dismiss.  (ECF No. 14 at 3.)  In that response, Plaintiff contends that the union's failure to address his grievances about GM's conduct, including its "breach of contract," is "not only arbitrary but also discriminatory." (*Id.*)  The recitation of that language, culled from the case in which the Supreme Court recognized the availability of fair-representation claims, *see Vaca v. Sipes*, 386 U.S. 171, 190 (1967), further suggests that Plaintiff's goal was to bring suit under section 301.

But even if Plaintiff intended to bring a hybrid claim, he did not allege anything close to all the facts that would, if true, render him entitled to relief.  Because section 301 is intended in the first instance to compel compliance by the union and the employer with their collective-bargaining agreement, any claim by an employee invoking section 301 must first show that the employee has attempted to avail themselves of the remedies for breach of the agreement's terms provided by the agreement itself, such as the grievance procedure internal to unions that is preliminary to arbitration between the union (representing the employee) and the employer.  *See Kaiser v. USPS*, 908 F.2d 47, 49 (6th Cir. 1990); *Lovely v. Aubrey*, 188 F.3d 508 (6th Cir. 1999) (unpublished table decision); *Schramm v. Neenah Paper Mich. Inc.*, No. 2:22-cv-47, 2024 WL 4181074, at *2 (W.D. Mich. Sept. 11, 2024).  While there are suggestions on the record that Plaintiff sought to convince his local union of the validity of his grievances, including record of a grievance concerning a subsidiary aspect of Plaintiff's broader allegations (*see* ECF No. 19-1 at PageID.116), nowhere in his filings does Plaintiff clearly show, *cf. Miller v. Chrysler Corp.*, 748 F.2d 323, 326 (6th Cir. 1984), that he attempted to exhaust his contractual remedies.  Still less does he allege facts showing that the UAW acted with an "improper motive," *Wells v. Chrysler Grp. LLC*, 559 F. App'x 512, 514 n.1 (6th Cir. 2014), or that the union's decision not to pursue Plaintiff's grievances to arbitration was "so far outside a wide range of reasonableness as to be

irrational," *Ohlendorf v. United Food & Com. Workers Int'l Union, Loc. 876*, 883 F.3d 636, 644 (6th Cir. 2018).  Even the most generous reading of Plaintiff's scattered characterizations of the basis for his lawsuit does not suffice to make out a valid claim for relief.  Plaintiff's first objection is overruled.

Plaintiff's next objection—that the magistrate judge did not follow the dictate of *Haines v. Kerner* to treat pro se litigants with indulgence—also fails.  Nothing supports Plaintiff's accusation that Magistrate Judge Berens engaged in "obstruction of justice" by "chang[ing] the meaning" of his complaint.  (Objs. 2.)  The magistrate judge fairly interpreted Plaintiff's pleadings and responses to the two summary judgment motions; it is not the magistrate judge's responsibility to decipher from the materials Plaintiff submitted the claim he actually sought to bring.  Giving a pro se litigant equal justice does not demand of judges that they be mind readers.

That leads into Plaintiff's third objection: that the magistrate judge incorrectly found that Plaintiff had not exhausted his administrative remedies by not filing a charge with the Equal Employment Opportunity Commission (EEOC) before filing suit under Title VII.  In addition to arguing that his claims arise under the NLRA rather than Title VII, Plaintiff rebuts the magistrate judge's finding by pointing to a notice the EEOC issued in November 2022 advising him of his right to sue (ECF No. 22-1).  Since Plaintiff disclaims the intent to bring a Title VII claim, the notice-to-sue letter does not support his claims.  In any event, Plaintiff cannot rely on evidence he did not raise before the magistrate judge to support his objections here, *see Syroka v. Ingham Cnty. Treasurer*, No. 1:22-cv-169, 2023 WL 2263271, at *1 (W.D. Mich. Feb. 28, 2023), and a Title VII suit instituted based on the letter would have been time-barred because it was filed more than a year and a half after the limitations period had run, *see Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff's fourth objection is as unsuccessful as the rest.  He complains that the magistrate judge describes him as "claim[ing]" to have filed a complaint with the NLRB.  (Objs. 2.)  Plaintiff has no reason to complain of this characterization of his factual allegations; as explained above, any plausible allegation he makes at this stage of the litigation is assumed to be true, so describing Plaintiff's factual statement as a "claim" does not imply that the magistrate judge questioned the truth of that statement.  In any event, the fact that Plaintiff has lodged a charge with the NLRB does not help him.  This case is on all fours with a recent decision of the Seventh Circuit holding that the plaintiffs there conceded that their wage-payment claim "alleged an arguable unfair labor practice within the Board's exclusive jurisdiction" by raising the same claim in a charge to the NLRB before suing in federal court.  *Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661 (7th Cir. 2020).  To file a complaint raising the same allegations pending before the NLRB is plainly to admit that it is for the "public agency entrusted by the terms of its creation with the exclusive authority for" enforcing the NLRA to rule on those allegations in the first instance.  *Amalgamated Util. Workers v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 269 (1940).

Plaintiff's fifth and final objection is based on a related misunderstanding of the law. Plaintiff argues that he was only obligated to prove his claim of "workplace misconduct" to a jury, not the magistrate judge.  It is no doubt true that in a case where a jury trial is requested, the jury and not the judge is the finder of fact.  But the magistrate judge did not usurp the jury's role.  "[P]ro se plaintiffs are not automatically entitled to take every case to trial," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); to get to that point, a complaint must first state a valid claim for relief. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).  The facts Plaintiff alleges, even if they are true, simply do not state a claim under any of the statutes Plaintiff has invoked.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 22) are **OVERRULED**;

**IT IS FURTHER ORDERED** the report and recommendation (ECF No. 21) is **ADOPTED** as the opinion of the Court, as supplemented by this Order; and

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 9, 18) are **GRANTED**.

A judgment consistent with this Order will issue.


Dated: May 8, 2025                              /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE